IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

**UNITED STATES OF AMERICA** : CASE NO. 1:CR-98-136-07
:
:
**v.** :
:
:
**JEROME KENT** :

## **M E M O R A N D U M**

On July 16, 2015, Jerome Kent filed a *pro se* motion for reduction of sentence pursuant to 18 U.S.C. § 3582(c)(2) based on Amendment 782 to the United States Sentencing Guidelines. On July 16, 2015, pursuant to Standing Order 14-6, the Federal Public Defender for the Middle District of Pennsylvania was appointed to represent Kent. On July 21, 2015, the Federal Public Defender filed a motion to withdraw as counsel for Kent on the basis that Kent did not qualify for relief. The motion to withdraw as counsel was granted on July 21, 2015. For the reasons that follow, Kent's motion will be denied.

On April 30, 1999, Kent was sentenced for 324 months imprisonment followed by a term of 120 months supervised release. On August 21, 2001, that sentence as to supervised release was reduced to six years. On February 20, 2009, Kent's sentence was reduced to 262 months pursuant to 18 U.S.C. § 3582(c)(2). On December 5, 2011, Kent was released from imprisonment and began his term of supervised release. On December 20, 2014, Kent was ordered detained for alleged violations of supervised release. On February 19, 2015,[1] Kent was sentenced on the

---

[1] Due to a clerical oversight, the judgment of conviction was signed and dated March 2, 2015.

supervised release violations to a term of imprisonment of eight months and a term of supervised release of 12 months.  Said sentence was imposed pursuant to 18 U.S.C. § 3583(e)(3) and 18 U.S.C. § 3583(h) and U.S.S.G. § 7B1.4(a).

Kent claims that since he previously received a reduced sentence pursuant to 18 U.S.C. §3582(c)(2), he should be given relief under Amendment 782 and it should be applied to the sentence he received for the violation of supervised release.  As the Federal Public Defender notes,[2] a person serving a sentence of imprisonment as a result of a revocation of supervised release is not eligible for relief under Amendment 782, citing U.S.S.G. § 1B1.10 (Commentary, Application Note 7(A)), which provides:

> Exclusion Relating to Revocation. – Only a term of imprisonment as part of the original sentence is authorized to be reduced under this section.  This section does not authorize a reduction in the term of imprisonment imposed upon revocation of supervised release.

For the reasons stated above, the motion for reduction of sentence pursuant to 18 U.S.C. § 3582(c)(2) will be denied.  An appropriate order will be issued.

                                                s/Sylvia H. Rambo
                                                SYLVIA H. RAMBO
                                                United States District Judge

Dated:  July 22, 2015.

---

[2] (Doc. 26, p. 2, ¶ 5.)